IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LOPEZ-GALVAN,<br><br>                    Petitioner,<br><br>          vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | No. CV-F-04-6112 REC<br>(No. CR-F-99-5338 REC)<br><br>ORDER DEEMING PETITIONER'S APPLICATION FOR CERTIFICATION OF APPEALABILITY TO BE MOTION FOR RECONSIDERATION AND DENYING DEEMED MOTION FOR RECONSIDERATION |

   On May 27, 2005, petitioner Renee Lopez Galvan filed an "Application for Certificate of Appealability".

   On August 17, 2004, petitioner timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  By Order filed on August 20, 2004, the court denied petitioner's motion and directed entry of judgment for respondent.  On September 2, 2004, petitioner filed a motion for reconsideration in which petitioner contended that the court ignored petitioner's timely filed notice of intent to expand the

1

record pursuant to Rule 7, Rules Governing Section 2255 Proceedings, that the court erred in denying petitioner's Section 2255 motion, and raised grounds for relief not previously asserted in the Section 2255 motion.  By Order filed on September 16, 2004, the court denied the motion for reconsideration, ruling that no notice of intent to expand the record had been filed by petitioner, that the court's ruling denying the Section 2255 motion was correct and that petitioner's remedy was appeal the denial of the Section 2255 motion to the Ninth Circuit, and that, to the extent the motion for reconsideration raised new claims for relief, the motion for reconsideration was a second or successive Section 2255 motion, requiring petitioner to move in the Ninth Circuit Court of Appeals for an order authorizing this court to consider the application.  Petitioner did not file a notice of appeal in connection with the denial of his Section 2255 motion or with the denial of his motion for reconsideration. However, petitioner asserts that he filed a "Motion for Order Authorizing District Court To Consider Motion for Reconsideration" with the Ninth Circuit on September 27, 2004. Thereafter, petitioner asserts that he filed a letter with the Ninth Circuit requesting a status report concerning the motion. By Order filed on March 31, 2005 in No. 05-70124 the Ninth Circuit ruled:

> We have reviewed petitioner's 'letter addressing the court,' received January 3, 2005.
>
> To the extent petitioner's letter requests

2

> mandamus relief, the petition is denied because petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus ....
>
> To the extent petitioner requests permission to file a second or successive section 2255 habeas corpus petition in the district court, the request is also denied. ....
>
> No petition for rehearing or motion for reconsideration shall be filed or entertained in this case ....
>
> All pending motions are denied as moot.

Although captioned an "Application for Certificate of Appealability", it is apparent that petitioner is moving for reconsideration of the court's denial of his motion for reconsideration. A certificate of appealability is the procedure by which a petitioner appeals the denial of a Section 2255 motion. See 28 U.S.C. § 2253. Because petitioner did not file a notice of appeal from either the denial of the motion for reconsideration or the denial of the Section 2255 motion, petitioner's reference to a certificate of appealability is meaningless. Consequently, the court deems petitioner's Application for Certificate of Appealability to be a motion for reconsideration of the denial of his Section 2255 motion and of the denial of his initial motion for reconsideration.

So deemed, petitioner's motion for reconsideration must be construed pursuant to Rule 60(b), Federal Rules of Civil Procedure. Petitioner's ground for relief in the deemed motion does not satisfy any of the categories for reconsideration set

3

forth in Rule 60(b) and is, in any event, without substantive merit.

In his application, petitioner contends that this court violated United States v. Seesing, 234 F.3d 456 (9th Cir. 2000) "by not advising pro-se petitioner of the ability to choose the option available and by mis-construing petitioners true intentions as explained in the motions misconstrued." Petitioner asserts that he "would vie for - option (3) withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 within the one-year statutory period [sic]."

In Seesing, the district court deemed a letter from the petitioner therein which purported to withdraw a guilty plea and denying the district court's jurisdiction over the petitioner in the criminal case as a motion for relief pursuant to 28 U.S.C. § 2255 and denied the deemed motion. The Ninth Circuit held in pertinent part:

> When presented with a pro se motion that could be recharacterized as a Section 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents, or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se petitioner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

4

234 F.3d at 464.

<u>Seesing</u> has no application to petitioner.  The motion petitioner filed on August 17, 2004 is captioned "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody".  The motion for reconsideration filed on September 2, 2004 is captioned "Motion for Reconsideration of Court Order Denying Petitioner's 28 U.S.C. § 2255 [sic]".  Unlike <u>Seesing</u>, this court did not recharacterize petitioner's pleadings.[1]

ACCORDINGLY:

1.  Petitioner's "Application for Certificate of Appealability" is deemed to be a motion for reconsideration.

2.  Petitioner's deemed motion for reconsideration is denied.

IT IS SO ORDERED.

**Dated:  June 3, 2005**                               /s/ Robert E. Coyle
668554                                      UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, it is apparent that petitioner is attempting by this pleading to circumvent his failure to timely appeal the denial of his Section 2255 motion and the denial of his motion for reconsideration.  See Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts; Rule 4(a), Federal Rules of Appellate Procedure.

5